972 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Adam RHINEHART, aka Charles Richard Withers,
Plaintiff-Appellant,
v.
PIMA COUNTY JAIL LIBRARY, et al., Defendants-Appellees.
 No. 91-16889.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Aug. 28, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Adam Rhinehart, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action challenging the loss of a newspaper article he gave prison officials to photocopy. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Rhinehart first contends he is entitled to damages because prison officials lost his newspaper article. Rhinehart does not state a claim under section 1983 regarding the loss of his property, however, because Arizona law provides him with an adequate state postdeprivation remedy. See Ariz.Rev.Stat. § 12-821 et seq.; Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 4
 Rhinehart also contends that prison officials interfered with his access to the courts by failing to return the article to him. He apparently wanted to submit the article in a state court proceeding as evidence of racism in Arizona. Rhinehart's access to courts claim lacks merit. If a prisoner's claims do not involve denial of access to adequate law libraries or adequate assistance from persons trained in the law, the prisoner must demonstrate actual injury, or a "specific instance in which ... [the] inmate was actually denied access to the courts." Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). The district court properly granted summary judgment in favor of the defendants because Rhinehart did not establish a genuine issue of material fact that he suffered actual injury from the loss of the article. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Sands, 886 F.2d at 1171.
 
 
 5
 We also affirm the district court's rejection of Rhinehart's argument that the loss of his article violated the eighth amendment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3